IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LASHONDE BROMSY                                                    PLAINTIFF

vs.                              Civil No. 4:21-cv-04010

COMMISSIONER, SOCIAL                                               DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Lashonde Bromsy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for a

period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits

("DIB") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed her disability applications on September 25, 2018.  (Tr. 10).  In

these applications, Plaintiff alleges being disabled due to back pain, shoulder pain, anxiety,

depression, insomnia, high blood pressure, cysts on her ovaries, anemia, acid reflux, scoliosis, nerve

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13.   These references are to the page number of the transcript itself not the ECF page number.

damage on her spine, facet bone disease, bulging discs, migraine headaches, blurry vision, and a left ankle injury. (Tr. 263). Plaintiff alleges an onset date of January 15, 2018. (Tr. 10). These applications were denied initially and again upon reconsideration. *Id.* Plaintiff then requested an administrative hearing, and this hearing request was granted. (Tr. 28-47). Plaintiff's administrative hearing was held on June 25, 2020 in Shreveport, Louisiana. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Wilfred Roux testified. *Id.*

On August 18, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 7-26). The ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2021. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 15, 2018, Plaintiff's alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: ankle disorder, disorder of the shoulder, disorder of the back, substance abuse in remission, and major depressive disorder. (Tr. 13, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-14, Finding 4).

In his opinion, the ALJ noted Plaintiff was thirty-five (35) years old on her alleged disability onset date. (Tr. 18, Finding 7). Such an individual may be defined as a "younger person" under 20 C.F.R. § 404.l563(c) (2008) and 20 C.F.R. § 416.963(c) (2008). The ALJ also determined Plaintiff had at least a high school education. (Tr. 18, Finding 8).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-18, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except can sit six hours in an eight hour workday; stand and/or walk two hours in an eight hour workday; lift and/or carry ten pounds occasionally; occasionally reaching; frequent handle and finger; and limited to 2-3 step tasks.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").   (Tr. 18, Finding 6).  Based upon her RFC, the ALJ determined Plaintiff did not retain the capacity to perform her PRW.  *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 10).  Considering her RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) document preparer with 17,340 such jobs in the national economy; and (2) surveillance system monitor with 113,020 such jobs in the national economy.  *Id.*

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 15, 2018 through the date of her decision on August 21, 2020.  (Tr. 20, Finding 11).   Plaintiff requested the Appeals Council's review of the ALJ's disability determination.  (Tr. 1-4).  On January 26, 2021, the Appeals Council declined to review the ALJ's disability determination.  *Id.*  On February 25, 2021, Plaintiff filed the present appeal.  ECF No. 1. The Parties consented to the jurisdiction of this Court on February 25, 2021.  ECF No. 6.  This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**    **Discussion:**

Plaintiff raises two issues in her appeal brief: (A) the ALJ's RFC assessment is "based on an incomplete hypothetical that failed to address Plaintiff's limitation associated with her left ankle that requires her to elevate her leg due to swelling"; and (B) the ALJ erred in discrediting her subjective complaints.  ECF No. 15 at 1-14.  In response, the SSA claims the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed.  ECF No. 16 at 1-18.   The Court will address both of these arguments for reversal.

**A.  RFC Assessment**

Plaintiff claims the ALJ erred in assessing her RFC because it "failed to address" her limitations associated with left ankle problems that "requires her to elevate her left due to swelling." ECF No. 15 at 3-10.  Plaintiff argues the ALJ improperly used "one opinion of Dr. Alkire to discredit the Plaintiff's pain and subjective complaints." *Id.* at 4-5.  Plaintiff argues this is not substantial evidence to support the ALJ's assessment.  *Id.*

Upon review of the ALJ's decision, she found the following in assessing Plaintiff's alleged

5

leg swelling and ankle limitations:

> Left foot radiographs on April 30, 2018, reveal a nondisplaced future of the lateral malleolus identified with a pin/screw traversing through the distal tibia at its anterolateral aspect and coursing superior medially and posteriorly (Exhibit 5F/8). However, the hardware appears intact and there are no other acute fractures, dislocations, or bone destruction (Exhibit 5F/8). According to Dr. Carey Alkire, MD, the claimant reported she stepped in a hole while mowing and began to experience pain in her ankle (Exhibit 10F/3). She also complained of swelling and discomfort [discomfort] (Exhibit 10F/3). At a follow up examination on June 25, 2017, the claimant reported since her last visit, her ankle pain had only gotten worse (Exhibit 10F/8). Dr. Alkire indicated that the claimant refuses to put weight on her left foot (Exhibit 10F/8). Additionally, she does not have any swelling and really no tenderness to palpation (Exhibit 10F/8). *Therefore, Dr. Alkire recommended she wean from the boot/brace into a normal shoe and participate in physical therapy (Exhibit 10F/11). Consequently, on September 10, 2018, Dr. Alkire found the claimant was able to walk full weight bearing with normal shoes and no crutches, cane, or walker (Exhibit 10F/12). She was able to perform plantar flexion to thirty-five degrees with good strength (Exhibit 10F/12). She had normal heel strike and toe push-off with ambulation and minimal discomfort with range of motion of the right knee with no effusion (Exhibit 10F/12).*

(Tr. 16) (emphasis added). Upon review of the record in this case, the Court finds there is no basis for reversing this RFC assessment. Notably, considering Dr. Alkire's findings and the ALJ's full assessment of Plaintiff's medical records, the Court finds her RFC determination is supported by substantial evidence in the record and should be affirmed.

**B. Subjective Complaints**

Plaintiff claims the ALJ erred in assessing her subjective complaints. ECF No. 15 at 10-14. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows:

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

6

(1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully considered Plaintiff's subjective complaints. (Tr. 17). The ALJ recognized the following regarding her alleged limitations:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because at the hearing the claimant testified she has a driver's license and is able to drive for about thirty miles (Hearing Testimony). She is able to care for her children and can wash dishes, clean laundry,

and attend church and her daughter's basketball games (Hearing Testimony). Additionally, treatment records indicate that the claimant was able to fully bear weight in a normal shoe and did not require any assistive devices of ambulation (Exhibit 10F/12).

*Id.*  Because the ALJ properly considered *Polaski*, Plaintiff's daily activities, and provided "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue.  *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing deferral to the ALJ's credibility determination as long as that determination is supported by "good reasons and substantial evidence").

4.    **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of October 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE